United States District Court
Southern District of Texas
**ENTERED**
October 04, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| **FRANCISCO JAVIER AZUARA, JR.,** § § | |
| Petitioner, § § | |
| V. § | CIVIL ACTION NO. 5:18-CV-5 |
| **LORIE DAVIS,** § § | |
| Respondent. § § § | |

## REPORT AND RECOMMENDATION

Pending before the Court is the Petition for Writ of Habeas Corpus filed by Petitioner, Francisco Javier Azuara, Jr., pursuant to 28 U.S.C. § 2254. (Dkt. No. 1). Petitioner brought this case on January 19, 2018 without paying the filing fee or moving to proceed *in forma pauperis*. On March 5, 2018, Petitioner was given until April 4, 2018 to either pay the filing fee or to apply for leave to proceed *in forma pauperis*. (Dkt. No. 4). Petitioner was warned that his case could be dismissed if he failed to comply with the Court's order. The deadline passed without payment or an application, and on April 11, 2018, Magistrate Judge Diana Song Quiroga issued a Report and Recommendation recommending that the petition be dismissed under Federal Rule of Civil Procedure 41(b) for want of prosecution. (Dkt. No. 6). In April, the Clerk of Court received Petitioner's $5.00 filing fee and entered an objection by Petitioner citing administrative obstacles to the timely delivery of his fee. (Dkt. No. 9). The Report and Recommendation was rejected after the District Court determined that the delay in delivering the fee, which had since been received by the Court, was excusable. (Dkt. No. 10). On June 14, 2018, the case was referred to this Magistrate Judge.

On January 23, 2019, Petitioner was ordered to show cause why his petition should not be dismissed as time-barred. (Dkt. No. 12). Petitioner was given forty-five days to file a brief explaining why his habeas petition was not time-barred and therefore subject to summary dismissal. (*Id.*). The briefing deadline having long since passed without a response from Petitioner, the Magistrate Judge now issues this Report and Recommendation, pursuant to 28 U.S.C. § 636(b), and **RECOMMENDS** that the petition (Dkt. No. 1) be **DISMISSED with prejudice**.

## Background

Petitioner is a Texas state inmate (TDCJ #01966699) in the custody of the Texas Department of Criminal Justice ("TDCJ"). (Dkt. No. 1). Petitioner was convicted in state court on July 28, 2014 and sentenced to fourteen years and six months in prison and a $2,500 fine per count of conviction. Amended Brief for Appellant at 1, *Azuara v. Texas*, 2015 WL 4638288, No. 04-14-00716-CR (Tex. App. Aug. 5, 2015). The state appellate court affirmed his conviction on August 5, 2015. *Azuara v. State*, 2015 WL 4638288, at *1 (Tex. App. Aug. 5, 2015). Petitioner filed no state court petitions for collateral review, but filed his federal habeas petition on January 19, 2018. (Dkt. No. 1).

## Analysis

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). "The AEDPA's statute of limitations, 28 U.S.C. § 2244(d)(1), provides that '[a] 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.'" *Tharpe v. Thaler*, 628 F.3d 719, 722 (5th Cir. 2010). Specifically, this period of limitations runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Tharpe v. Thaler*, 628 F.3d 719, 722 (5th

2

Cir. 2010). However, "AEDPA's one-year limitations period [will] toll during the pendency of properly filed state post-conviction proceedings." *United States v. Wheaten*, 826 F.3d 843, 850 (5th Cir. 2016). Here, because Petitioner did not file a petition for discretionary review with the Texas Court of Criminal Appeals, his sentence became final thirty days from the date that the state appellate court affirmed Petitioner's conviction. Tex. R. App. P. 68.2(a) (a petition for discretionary review must be filed either within thirty days after the court of appeals renders judgment or overrules a motion for rehearing). Therefore, the one-year limitations period for Petitioner's federal habeas petition began to run on September 4, 2015. The statute of limitations expired a year later, on September 4, 2016.

Petitioner's federal habeas petition was filed on January 19, 2018, well over a year after Petitioner's conviction became final. (Dkt. No. 1). Nothing in the petition indicates that the statute of limitations is subject to equitable tolling. *See Davis v. Johnson*, 158 F.3d 806, 807 (5th Cir. 1998) (holding that the limitations period under AEDPA "can be equitably tolled in appropriate, albeit extraordinary circumstances").

On January 23, 2019, the Court ordered Petitioner to file a brief within forty-five days to show why his petition is not time barred. (Dkt. No. 12). *See Day v. McDonough*, 547 U.S. 198, 210 (2006) ("[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions."). The Court's Order was sent by regular mail to the address provided by Petitioner in his petition.[1] (Dkt. No. 13).

In an effort to grant Petitioner fair notice and provide as much opportunity as possible to present his position, the Court granted Petitioner an additional forty-five days

---

[1] Francisco Javier Azuara, Jr., Register Number 01966699, Gib Lewis Unit, 777 FM 3497, Woodville, TX 75990 (the "Woodville address").

3

to respond to the Court's Order. (Dkt. No. 14). However, upon the Court's own investigation,[2] it appeared that Petitioner may have moved to a different facility within TDCJ.[3] As such, the Court sent notice via certified mail to both the Dilley address (Dkt. No. 15) and the Woodville address. (Dkt. No. 16). By August, the Court only received notification that the Order was delivered to the Woodville address. (Dkt. No. 17). In the ongoing interest of providing Petitioner with ample opportunity to respond, the Court sent yet another copy of the Order by Federal Express Mail to both the Woodville and Dilley addresses, (Dkt. Nos. 19 & 20), both of which were successfully delivered. (Dkt. Nos. 21 & 22).

The Court has received no reply from Azuara. Thus, because this petition was filed well over a year after Petitioner's conviction became final and Petitioner has failed to explain why it is not barred by the statute of limitations, Petitioner's motion is untimely. Accordingly, the Court recommends that the petition (Dkt. No. 1) be **DENIED**.

### Recommendation

For the foregoing reasons, the Court **RECOMMENDS** that Azuara's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Dkt. No. 1) be **DISMISSED with prejudice**.

### Notice of Right to Object

Within fourteen days after being served with a copy of this Report and Recommendation, the parties may file written objections to the findings and recommendations proposed above. 28 U.S.C. § 636(b)(1). The District Judge will review

---

[2] Petitioner did not independently inform the Court of a change of address as required by Local Rules. *See* S.D. Tex. Local Rule 83.5 (". . . a pro se litigant is responsible for keeping the clerk advised in writing of the current address.").

[3] Francisco Javier Azuara, Jr., 01966699 Briscoe Unit, Dilley, Tx 78017 (the "Dilley address").

*de novo* those portions of the report or specified proposed findings or recommendations to which the party objects. The District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by this Court, and may also receive further evidence or recommit the matter to this Court with instructions. *Id.* The District Court need not consider frivolous, conclusive, or general objections. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). If a party does not object within fourteen days, the party forfeits its right to District Court review. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

The Clerk of the Court is **DIRECTED** to send a copy of this Report and Recommendation by Federal Express to Petitioner to the address indicated in his most recent filing, as well as at the following address:

> Francisco Javier Azuara, Jr., 01966699
> Briscoe Unit
> 1459 West Highway 85
> Dilley, TX 78017.

SIGNED on October 4, 2019.

John A. Kazen
United States Magistrate Judge

5